IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAY 29 A 10: 17

CLERK
SO. DIST. OF GA

HORACE GRAYDON, JR.,

    Petitioner,

vs.

CIVIL ACTION NO.: CV213-031

SUZANNE HASTINGS, Warden, and
U.S. PAROLE COMMISSION,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Horace Graydon, Jr. ("Graydon"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of mandamus, or, in the alternative, a petition for writ of habeas corpus. Respondents filed a Response, and Graydon filed a Reply. For the reasons which follow, Graydon's petition should be **DENIED**.

## STATEMENT OF THE CASE

Graydon has been convicted of several bank robberies, beginning in 1968, and he was paroled after serving his sentences. Of note, Graydon was most recently arrested on August 23, 1985, and later was convicted by a jury of: interference with commerce by robbery; possession of a firearm during the commission of a crime of violence; possession of a firearm after a felony conviction; and three (3) counts of violations of the District of Columbia Code. (Resp'ts' Ex. 5). Graydon was sentenced to a term of up to 45 years' imprisonment. (Doc. No. 10, p. 2). The United States

AO 72A
(Rev. 8/82)

Parole Commission issued a parole violation warrant on August 30, 1985. (Doc. No. 10-6, p. 3). Graydon completed his sentence on October 16, 2012, and the parole violation warrant was executed. (Doc. No. 10-9).

Graydon asserts that he has been in custody based on the parole violation warrant since October 16, 2012, and that, as of the date of his petition, the Parole Commission had not conducted a hearing. Graydon alleges that the delay in having his hearing with the Parole Commission violates his right to due process. Graydon seeks his immediate release from custody. Respondents contend that the Parole Commission has conducted a hearing on Graydon's parole violation warrant, thus rendering his petition moot.

## DISCUSSION AND CITATION TO AUTHORITY

If a parolee violates his parole, the Parole Commission "may issue a warrant and retake the parolee[.]" 18 U.S.C. § 4213(a)(2). A warrant issued pursuant to that section "may be placed against [the parolee] as a detainer[ ]" in those situations where a parolee "has been convicted of . . . an offense and is serving a new sentence in an institution," and the Commission has 180 days to review the detainer. 18 U.S.C. § 4214(b)(1). However, in the case of a parolee "who is retaken pursuant to section (b) of this section," the parolee "shall receive a revocation hearing within ninety days of retaking." 18 U.S.C. § 4214(c). If the Commission fails to conduct said review within the statutory time limits, the proper remedy is to seek a writ of mandamus to compel the Commission's compliance with the statute, not immediate release from imprisonment pursuant to habeas corpus principles. See Lambert v. Warden, United States Penitentiary, 591 F.2d 4, 7(5th Cir. 1979). A delay in conducting a review

2

"'requires a two-step analysis to determine if a parolee is entitled to relief. First, the delay, considering all the circumstances, must be reasonable. Second, the delay must be prejudicial.'" Judd v. Baer, 911 F.2d 571, 574 (11th Cir. 1990) (quoting Smith v. United States, 577 F.2d 1025, 1027 (5th Cir. 1978)).

The Parole Commission's detainer on Graydon was executed on October 16, 2012, (doc. no. 10-13, p. 2), thus his revocation hearing was to be conducted on or before January 16, 2013. (Doc. No. 10-12, p. 2). The Parole Commission conducted a hearing on March 27, 2013, and the revocation Notice of Action was issued on April 9, 2013. (Doc. Nos. 10-13, 10-14).[1] Even though the Parole Commission conducted its review after the ninety (90) day period found in 18 U.S.C. § 4214(c), Graydon offers nothing which reveals the delay was unreasonable or that he was prejudiced by this delay. Thus, Graydon is not entitled to his requested relief. Assuming, *arguendo*, that Graydon would have been entitled to his requested relief prior to the Parole Commission's hearing, the actual conducting of the parole revocation hearing remedied any error. Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir. 1982) (noting that a procedural error subject to mandamus can be cured by having a proper parole revocation hearing); Smith, 577 F.2d at 1029 (stating that Smith was not entitled to any further relief because he already had a revocation hearing).[2]

---

[1] The Respondents note that the Parole Commission conducts hearings at FCI Jesup three (3) times a year. The Parole Commission requested that Graydon be designated to another federal institution so that he could have a revocation hearing by January 16, 2013. (Doc. No. 10-12, p. 2). Graydon was not designated to another institution.

[2] The undersigned notes Graydon's reliance on Smith as supportive of his petition. However, Smith does not stand for the proposition Graydon wishes. In Smith, the Fifth Circuit Court of Appeals determined that Congress did not intend for courts to apply the "draconian remedy" of a parolee's release from custody for violation of the 90-day hearing requirement. 577 F.2d at 1028. Rather, the appropriate remedy was a writ of mandamus, and to be entitled to the issuance of that writ, a parolee still has to meet the two-step inquiry, as already discussed in the body of this Report. Id.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Graydon's petition for writ of mandamus, filed pursuant to 28 U.S.C. § 1361, or in the alternative, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)